IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Quintin Jones, Jr., <br><br> Petitioner, <br><br> v. <br><br> Warden Evans Correctional Institution, <br><br> Respondent. | C/A No. 6:24-cv-4191-JFA-KFM <br><br><br> **OPINION AND ORDER** |

## I.    INTRODUCTION

Petitioner Arthur Quintin Jones, Jr, ("Petitioner"), a state prisoner proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Respondent's motion for summary judgment (ECF No. 38), along with several interrelated motions.[1]

After reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's motion for summary judgment should be granted for various reasons. (ECF No. 47). The Report sets forth, in detail, the relevant facts and standards of

---

[1] These motions include respondent's motion for summary judgment (ECF No. 38) and motion to strike (ECF No. 43) and the petitioner's second motion for default judgment (ECF No. 26), motion to compel (ECF No. 24), and motion to revoke respondent's thirty-day extension (ECF No. 25).

1

law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report on August 11, 2025. (ECF No. 50). Respondent filed a Reply on August 25, 2025. (ECF No. 51). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

2

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 47). In short, Petitioner is challenging his guilty plea to three counts of attempted murder, one count of possession of a weapon during the commission of a violent crime, and one count of unlawful possession of a weapon by a person convicted of a crime of violence in South Carolina state court based on his assertion that he received ineffective assistance of counsel. The Magistrate Judge recommends that Respondent's motion for summary judgment be granted as Petitioner has failed to set forth any viable grounds for relief.

3

In response to the Report, Petitioner enumerated 16 separate objections. (ECF No. 50). Each is addressed below.

Objections 1 through 5 challenge the Magistrate Judge's recitation of the factual and procedural background relevant to Petitioner's current claims.

Objection 1

Within his first objection, Petitioner avers that the Magistrate Juge failed to properly consider several of his filings including his response to Respondent's motion for summary judgment and motion to strike, along with the attached exhibits. Petitioner is mistaken. The Report may not cite to each page of every single filing the Magistrate Judge reviewed when adjudicating the instant motions, but it is clear from the Report that the Magistrate Judge considered not only Respondent's motions, but Petitioner's responses and exhibits as well. Moreover, Petitioner fails to point to any specific fact or exhibit the Magistrate Judge failed to consider. Accordingly, this objection is without merit and overruled.

Objection 2

Within his second objection, Petitioner again asserts the Report "fails to address Petitioner's submissions." (ECF No. 50, p. 3). Petitioner apparently takes issue with the Report's failure to find Petitioner's guilty plea involuntary and unintelligent. Petitioner's objection is misplaced. This portion of the Report merely recounts the factual history of the relevant proceedings, including Petitioner's guilty plea hearing, and offers no opinion on the plea until later in the Report when addressing the merits of Petitioner's argument. Thus, Petitioner's attempt to attack the Report's factual background section is unavailing and this objection is overruled.

Objection 3

Within objection number 3, Petitioner objects to the "underlying case facts" recited by the assistant solicitor at his guilty plea hearing. (ECF No. 50, p. 3). Petitioner avers he has rebutted these facts with arguments and exhibits in his motions. Again, Petitioner is mistaken. This portion of the Report merely recounts the facts as read into the record by the assistant solicitor at Petitioner's guilty plea hearing. The Magistrate Judge is expressing no opinion and is simply recounting these facts. Thus, this objection is overruled.

Objections 4 and 5

Objection 4 similarly attacks the Report's outline of Petitioner's PCR hearing. Because the Report has accurately outlined Petitioner's PCR proceedings, this objection is without merit. Petitioner my not agree with the outcome of his PCR proceedings, however, the factual description within the Report is an accurate recitation of relevant events. Continuing on, Petitioner's fifth objection asserts the Report improperly assess the PCR appeals process he underwent after his PCR application was rejected. Again, the Report provides an accurate summary of the relevant procedural history and Petitioner has failed to show any error in the Report. Thus, these objections are overruled.

Objections 6 and 7

Within objections 6 and 7, Petitioner avers that this court should consider his motion to expand the record. This motion was thoroughly considered and rejected by the Magistrate Judge. Thus, it has been definitively ruled on, and objections are not proper. To the extent this objection can be construed as an appeal of the Magistrate Judge's denial of his motion to expand, Petitioner has failed to present any argument as to why this motion

5

was improperly denied. As stated in the Report, the motion to expand provides "no indication as to what document the petitioner is actually seeking and no indication from the petitioner as to what purpose these materials would serve toward addressing his claims." (ECF No. 47, p. 14). Accordingly, Petitioner's arguments as to this motion are without merit.

### Objection 8

Within objection 8, Petitioner takes issue with the Magistrate Judge's recommendation that the court should grant Respondent's motion to strike and thus not consider certain exhibits and affidavits Petitioner attached to his filings. As stated above, the motion to expand the record in this matter was properly denied. Accordingly, the records Petitioner cites to, which fall outside of the proper state court record, are properly excluded. Thus, the motion to strike should be granted. Petitioner's arguments cite to Federal Rules of Civile Procedure 12(f) and 56 for the proposition that motions to strike are not proper when considering a motion for summary judgment. However, Petitioner ignores the fact that these proceedings are governed by the Rules governing §2254 proceedings and Federal Rules of civil procedure are not controlling if inconsistent with these rules. SECT 2254 Rule 12. Thus, the scope of admissible evidence is governed by the applicable statute and 2254 rules. Petitioner's attempt to utilize the Rules of Civil Procedure to reach a contrary result are unavailing.

### Objections 9-13

Next, in objections 9, 10, 11, 12, and 13, Petitioner disagrees with the Report's suggestion that several of Petitioner's purported grounds for relief are procedurally

defaulted. Petitioner avers that he has saved these claims from procedural default by raising them in his *pro se Johnson* brief within his PCR appellate proceedings. This argument was considered and rejected within the Report.

More specifically, Petitioner asserts that Ground One(i) was submitted as part of his *pro se Johnson* response. Such is immaterial, as Respondent's argument for procedural default addresses the failure of Petitioner to raise this claim as part of a direct appeal. Thus, this claim is rendered procedurally defaulted.

Petitioner asserts that Ground Two (v) was raised in his *pro se Johnson* response. Although true, Respondent's argument for procedural default was that the claim of ineffective assistance of counsel reiterated by Ground Two (v) was never raised to the PCR court. Therefore, this claim is rendered procedurally defaulted.

Next, Petitioner asserts that Ground One (iii) is not procedurally defaulted. Because Petitioner failed to provide any context, explanation, or facts corresponding to his supposed claim while testifying before the PCR court, the PCR court did not rule on the supposed allegation. Petitioner then failed to file a Rule 59(e) motion to obtain a ruling. As such, the record demonstrates that Petitioner did not raise this issue for consideration by the PCR court and the Magistrate Judge's ruling is appropriate. As the Report notes:

> The PCR court did not set forth findings as to this claim, and the petitioner did not file a Rule 59(e), SCRCP motion to have a finding provided, though he did raise the claim in his *pro se* response to the *Johnson* petition in the PCR appeal. If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e). Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).

7

(ECF No. 47, p. 23).

Thus, Petitioner's objections fall flat. Additionally, Petitioner avers that he should be able to avoid procedural default as he can show "merit and prejudice" as to several of these grounds. This argument was similarly considered and rejected in the Report. Petitioner provides no support for his claims of "merit and prejudice", nor does he offer any reason as to why this argument was not properly considered within the Report. Accordingly, this objection is overruled.

<u>Objections 14 and 15</u>

Here, Petitioner takes issue with the denial of his claims based on the finding that his trial counsel testified truthfully under oath at his PCR hearing. As explained in the report, the PCR court found counsel's testimony credible. The record contains evidence that this determination was not an objectively unreasonable factual determination and did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. As explained, the review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. *See* 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions.

A review of the Report and the underlying state court records indicates that this determination is correct. Petitioner may disagree with the state court's findings. However, they are nevertheless supported by evidence within the record. Accordingly, this court is

constrained to agree. Petitioner's assertions to the contrary are without merit and his objections are overruled.

Objection 16

Petitioner's final objection, number 16, is merely a disagreement with the Report's conclusion paragraph because the "conclusions are standing upon various attempts to utilize fallacies against Petitioner's record supporting positions before the court." (ECF No. 50, p. 17). As discussed above, the Magistrate Judge properly reviewed all of Petitioner's submissions and confined the analysis to appropriate record materials. Petitioner's general disagreement with the conclusion fails to move the needle. Accordingly, this objection is overruled.

IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 47). Consequently, the motion to compel (ECF No. 24) is denied; the motion to revoke the 30-day extension (ECF No. 25) is denied; the motion for default judgment (ECF No. 26) is denied; and the motion to strike (ECF No. 43) is granted.

Moreover, the motion for summary judgment (ECF No. 38) is granted and the petition is dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

September 8, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."