IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Quintin Jones, Jr.,<br><br>               Petitioner,<br><br>v.<br><br>Warden Evans Correctional Institution,<br><br>               Respondent. | C/A No. 6:24-cv-4191-JFA-KFM<br><br>**OPINION AND ORDER** |

      This matter is before the Court on Petitioner Arthur Quintin Jones, Jr.'s Motion to Alter or Amend the Judgment pursuant to Rule 59(e). (ECF No. 56). Having been fully briefed, this motion is now ripe for review.

      Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed*.)*; *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled

upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Here, Petitioner seeks to have this Court reconsider its prior order (ECF No. 53) adopting the Magistrate Judge's Report and Recommendation and consequently dismissing this action to prevent manifest injustice. Within his motion, Petitioner presents the same arguments, nearly verbatim, as those specifically presented and rejected within his objections to the Magistrate Judge's Report. (*Compare* ECF No. 50 *with* ECF No. 56). Thus, the motion is basically an improper attempt to reargue issues already decided by this Court. The Court understands that Petitioner may disagree with this Court's ruling. However, Petitioner has failed to show any error which would warrant the relief requested.

For the above reasons, the motion to alter or amend the judgment (ECF No. 56) is denied. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

*(signature: Joseph F. Anderson, Jr.)*

November 7, 2025            Joseph F. Anderson, Jr.
Columbia, South Carolina     United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."