IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Arthur Quintin Jones, Jr.,

Petitioner,

v.

Warden Evans Correctional Institution,

Respondent.

C/A No. 6:24-cv-4191-JFA-KFM

**OPINION AND ORDER**

This matter is before the Court on Petitioner Arthur Jones, Jr.'s Motion for Relief from Judgment pursuant to Rule 60(b)(1). (ECF No. 68). Within his motion, Petitioner seeks to have this court vacate its prior order adopting a Report and Recommendation and dismissing his habeas petition. (ECF No. 53). Petitioner previously sought similar relief via a motion to alter or amend the judgment pursuant to Rule 59(e). (ECF No. 56). Having been fully briefed, this motion is now ripe for review.[1]

Here, Petitioner seeks to have this Court reconsider its prior order (ECF No. 53) adopting the Magistrate Judge's Report and Recommendation and consequently dismissing this action. Within his motion, Petitioner presents the same arguments as those specifically presented and rejected within his objections to the Magistrate Judge's Report and within

[1] The court would note that Petitioner filed a notice of appeal prior to filing the instant motion which divests this court of jurisdiction. However, given that the Court denies the motion, adjudication is appropriate pursuant to Fed. R. Civ. P. 62.1. ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion.").

his prior motion to alter or amend. (ECF Nos. 50, 56, & 68). Petitioner avers that he brings this 60(b) motion to have this court correct a legal mistake. *See Kemp v. United States*, 596 U.S. 528, 539 (2022)(holding judicial errors of law are "mistakes" within the ambit of FRCP 60(b)(1)). "Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982); *see also CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995)("Where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b).").

Here, Petitioner renews the arguments he presented to the Magistrate Judge, within his objections, and again within his Rule 59(e) motion. He again urges the Court to reconsider its prior rulings, reverse course, and allow his claims to proceed. Thus, the motion is basically an improper attempt to reargue issues already decided by this Court. The Court understands that Petitioner may disagree with this Court's ruling. However, Petitioner has failed to show any error which would warrant the relief requested.

For the reasons stated above along with those stated in the Report and this court's prior orders, the motion for relief from judgment (ECF No. 68) is denied. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

IT IS SO ORDERED.

October 30, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."